UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-05541 AG | Date | January 30, 2018 |
|---|---|---|---|
| Title | IN RE IRVING FOX | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER TO SHOW CAUSE CONCERNING JURISDICTION**

This is an appeal of a United States Bankruptcy Court order in a Chapter 7 bankruptcy case. It's not clear that this Court has jurisdiction to hear the appeal.

Appellant Ultimate Action, LLC appeals an order of the Bankruptcy Court below. Ultimate Action owns over $18 million in judgments against the Chapter 7 bankruptcy debtor, Gerson Irving Fox. Ultimate Action owns several liens secured against Fox's litigation assets—cases where Fox is a plaintiff against parties that are not involved in the bankruptcy proceedings. According to Ultimate Action, Appellee Elissa D. Miller, the Chapter 7 trustee for Fox's bankruptcy estate, refused to assist Ultimate Action in resolving one of Fox's lawsuits favorably. In that lawsuit, Ultimate Action found a potential witness, Melvin Kaftan, who assertedly could assist Ultimate Action in winning Fox's case. But, in return for the favorable evidence, Kaftan wants Miller (as trustee of Fox's bankruptcy estate) to release him from any claims Fox might have against him. Miller refused.

In the Bankruptcy Court, Ultimate Action filed a "Motion to Compel Chapter 7 Trustee to Abandon Property or, in the Alternative, Enforce Terms of Stipulation Regarding Abandonment." Ultimate Action argued that Miller was required to abandon any claims Fox

might maintain against Kaftan by signing the release. Alternatively, Ultimate Action said Miller failed to comply with a stipulation requiring her to abandon all litigation assets encumbered by Ultimate Action's liens, including any potential claims against Kaftan. The Bankruptcy Court rejected Ultimate Action's arguments, denying the motion without prejudice. (ER 2, 23–24.) Ultimate Action now appeals that order.

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" or where the parties have received "leave of the court" to appeal "other interlocutory orders and decrees." 28 U.S.C. § 158(a). Here, the Bankruptcy Court's order does not appear "final" within the meaning of § 158(a), particularly since it was denied without prejudice. (ER 2.) Indeed, the Bankruptcy Judge explicitly invited Ultimate Action to refile the motion with more explanation or alternative requests for relief. (ER 23–24.) In the Ninth Circuit, a "disposition is final if it contains a complete act of adjudication, that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990). Further, Ultimate Action has not shown that it received the Bankruptcy Court's leave to pursue this appeal.

Consistent with these principles, the Court ORDERS Appellant Ultimate Action to show cause in a brief of not more than 5 pages why this appeal should not be dismissed for lack of jurisdiction by no later than **February 8, 2018**. If Ultimate Action fails to file a brief by the deadline showing that this Court has jurisdiction, the Court may dismiss this appeal. If Ultimate Action does file a brief, Appellee may respond with its own 5-page brief by no later than **February 15, 2018.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |